IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES EDWARD DANIELS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:05-CV-1739-M |
| § | |
| DALLAS COUNTY, DALLAS COUNTY § | |
| HOSPITAL DISTRICT, UNIVERSITY § | |
| OF TEXAS MEDICAL BRANCH, § | |
| STEPHEN P. BOWERS, M.D., AND § | |
| LEAH LUCIE, § | |
| § | |
| Defendants. § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's Order of Reference, entered October 27, 2005, this case has been referred to the United States Magistrate Judge. On March 14, 2006, the Court entered its Conclusions and Recommendation on Defendant Dallas County Hospital District's ("DCHD") Motion for Summary Judgment, filed November 30, 2005. The Court recommended that the District Court dismiss Plaintiff's claims against DCHD because the Court found that DCHD was not the medical care provider for the Dallas County Jail infirmary for the time period at issue. On March 21, 2006, Plaintiff James Edward Daniels ("Plaintiff") filed objections to the Court's Conclusions and Recommendation. Plaintiff continued to allege that DCHD was responsible for the medical care in the Dallas County Jail infirmary. (*See Pl.'s Objections* at 1.) In light of Plaintiff's objections, the District Court re-referred the case in an order entered March 28, 2006. In an order entered March 29, 2006, the Court then ordered DCHD to file a response to Plaintiff's objections and to include further affidavits and evidence documenting DCHD's involvement with the medical care at Dallas County Jail. DCHD filed a response to Plaintiff's objections and a second affidavit on

April 14, 2006.  DCHD filed a third affidavit on April 21, 2006.  The Court then entered its Conclusions and Recommendation, recommending that the District Court grant DCHD's motion for summary judgment.  On May 17, 2006, Plaintiff filed objections, and on May 19, 2006, Plaintiff filed a declaration, stating the DCHD did oversee the medical care at Dallas County Jail during the relevant time period.  In light of Plaintiff's objections and declaration, the District Court re-referred this case to the United States Magistrate Judge for report and recommendation on May 23, 2006.  The Court finds that a genuine issue of material fact is present and recommends that the District Court **DENY** DCHD's motion for summary judgment.

Signed this 26th day of May, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE