IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES EDWARD DANIELS, | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 3:05-CV-1739-M ECF |
| DALLAS COUNTY, et al., | § § § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to the District Court's Standing Order of Reference (doc. 67), this case has been referred to this Court for pretrial management. Before this Court is Defendant University of Texas Medical Branch's Amended Motion to Dismiss (doc. 88), filed February 20, 2007. Plaintiff's response to this motion was filed on July 11, 2006. For the reasons stated below, this Court recommends that the motion be **GRANTED**.

## BACKGROUND

Plaintiff initiated this lawsuit *pro se* on August 26, 2005 while he was incarcerated in Dallas County Jail. (Pl.'s Compl. 2.) Plaintiff alleges Defendant University of Texas Medical Branch ("UTMB") denied him medical treatment during his incarceration from June 5, 2003 until September 1, 2004. (*Id.* at 2.) Plaintiff claims he informed the staff of the medical problems he had with his kidney. (*Id.* at 2–3.) Plaintiff claims UTMB disregarded his illness and denied him medical treatment. (*Id.*) After Plaintiff made bond, he underwent surgery to remove his left kidney and claims this could have been avoided if UTMB had provided medical care. (*Id.* at 3.) Plaintiff seeks to recover five hundred thousand dollars in compensatory damages from UTMB and alleges a

1

medical deliberate indifference claim through 42 U.S.C.A. § 1983. (*Id.* at 1, 5.)

UTMB seeks a motion for judgment on the pleadings. (Def.'s Am. Mot. 1.) In its motion, UTMB asserts Plaintiff's claim is barred by sovereign immunity. (*Id.* at 1–2.) UTMB also argues Plaintiff fails to state a claim under 42 U.S.C.A. § 1983 on which relief can be granted. (*Id.* at 1–2.)

**STANDARD OF REVIEW**

A motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P.12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Herbert Abstract Co., v. Touchstone Props.*, 914 F.2d 74, 76 (5th Cir. 1990) (citing 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRACTICE AND PROCEDURE, § 1367 at 509–10 (2d ed. 1990)). A Rule 12(c) motion must be treated as one for summary judgment if matters outside the pleadings are further presented to the court for consideration. Fed. R. Civ. P. 12(c). If however, matters outside the pleadings are not presented, the standard for determining whether to grant a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is equivalent to the standard governing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *St. Paul Ins.Co. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991).

When considering a motion to dismiss for failure to state a claim, the Court must accept all nonmovant's factual allegations as true and draw reasonable inferences from those allegations in the light most favorable to the nonmovant. *Sw. Airlines Co. v. Farechase, Inc.*, 318 F. Supp. 2d 435, 437 (N.D. Tex. 2004) (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)). In ruling on such a motion, the court cannot reweigh the evidence that may be presented at trial and cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.

1995). Courts should not grant a motion to dismiss unless "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The nonmovant must plead specific facts. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "Further, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). Ultimately, the court must decide whether the complaint itself is legally sufficient and states a valid claim for relief. *Lowrey*, 117 F.3d at 247 (citing 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRACTICE AND PROCEDURE, § 1357 at 601 (1969)).

Since Plaintiff in this case is proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances. *AMX, Int'l, Inc.*, 7 F.3d at 75. "[*P]ro se* litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *Id.* (citing *Hughes v. Rowe*, 449 U.S. at 9). A *pro se* complaint, "however inartfully pleaded," can only be dismissed for failure to state a claim if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

## DISCUSSION

UTMB seeks a motion for judgment on the pleadings. (Def.'s Am. Mot. 1.) Plaintiff objects to the motion on two grounds. Plaintiff contends: (1) Plaintiff's claim is not barred by sovereign immunity; and that (2) Plaintiff's claim is valid for relief because UTMB violated his Eighth

3

Amendment rights. (Pl.'s Objects. 2, 4.)

## I. Sovereign Immunity

Plaintiff contends UTMB is not entitled to Eleventh Amendment immunity in federal courts because it waived such immunity. (Pl's Objects. 1.) "A state may waive its immunity, in its entirety or as to any specified agency, action, or event." *Genentech v. Eli Lilly &Co.*, 998 F.2d 931 (Fed. Cir. 1993). The Eleventh Amendment bars action against a state or state instrumentality, brought by a citizen in federal court, absent waiver by the state of sovereign immunity or a valid congressional override. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Vogt v. Bd. of Comm'rs*, 294 F.3d 684, 688–89 (5th Cir. 2002)). "Eleventh amendment immunity is a jurisdictional issue that cannot be ignored, for a meritorious claim to that immunity deprives the court of subject matter jurisdiction of the action." *McDonald v. Bd. of Mississippi Levee Comm'rs*, 832 F.2d 901, 906 (5th Cir. 1987). While a state may waive sovereign immunity and consent to suit in federal court, "the State's consent must be unequivocally expressed." *Pennhurst State. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984), *superseded by statute*, 28 U.S.C. § 1367 (1990) (citing *Edelmen v. Jordan*, 415 U.S. 651, 673 (1974)). Similarly, Congress may abrogate the state's sovereign immunity, but must do so with unmistakably clear language in the statute. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 242 (1985), *superseded by statute*, 42 U. S. C. § 2000d-7. Therefore, waiver of sovereign immunity, by the state or Congress, may not be implied but must be specific and explicit. *Pennhurst State. Sch. & Hosp.*, 465 U.S. at 99.

The "state's eleventh amendment immunity will extend to any state agency or other political entity that is deemed an 'alter ego' or 'arm' of the state," even where the State itself is not a named defendant. *Regents of the Univ. Of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Perez v. Region 20 Educ.*

*Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). The Eleventh Amendment does not bar suit when the identity of a political entity is sufficiently distinct from that of the State. *Pendergrass v. Greater New Orleans Expressway Comm'n*, 144 F.3d 342, 344 (5th Cir. 1998). While municipal corporations and other political subdivision of the state do not normally qualify for sovereign immunity under the Eleventh Amendment, public universities may qualify for immunity. *Lewis v. Midwestern State Univ.*, 837 F.2d 197, 198 (5th Cir. 1988). A majority of decisions have consistently concluded that universities are arms of the state. *United Carolina Bank*, 665 F.2d at 557; *see e.g.*, *Lewis*, 837 F.2d at 199; *Clay v. Texas Women's Univ.*, 728 F.2d 714 (5th Cir. 1984); *Jagnandan v. Giles*, 538 F.2d 1166 (5th Cir. 1976); *Idoux v. Lamar Univ. Sys.*, 817 F. Supp 637 (E.D. Tex. 1993); *Moreno v. Tex. S. Univ.*, 573 F. Supp. 73 (S.D. Tex. 1983); *Henry v. Texas Tech University*, 466 F. Supp. 141 (N.D. Tex. 1979). Because Plaintiff does not contest that UTMB is an arm of the state, a detailed analysis for determining whether a university defendant is an arm of the state is unnecessary.[1] Furthermore, because the University of Texas System is an agency of the state and because UTMB is expressly listed as part of the University of Texas System, UTMB is manifestly entitled to Eleventh Amendment immunity. Tex. Educ. Code. Ann. § 65.02(a)(8) (Vernon 2007); *Saenz v. Univ. Interscholastic League*, 487 F.2d 1026, 1027 (5th Cir. 1973) (stating that the University of Texas at Austin is "inarguably a state agency"); *Univ. of Tex. Med. Branch*

---

[1]When assessing whether a public university qualifies for Eleventh Amendment immunity, the Fifth Circuit focuses on three different factors: (1) the status of the university under state law; (2) the degree of state control over the university; and (3) the extent to which a money judgment against the university would interfere with the fiscal autonomy of the state. *See United Carolina Bank v. Bd. of Regents of Stephen F. Austin Univ.*, 665 F.2d 553, 557–61 (5th Cir. 1982); *see also Lewis v. Midwestern StateUniv.*, 837 F.2d 197, 198 (5th Cir. 1988).

*v. York*, 871 S.W.2d 175, 176 (Tex. 1994) (stating UTMB has governmental immunity).[2]

The Supreme Court has consistently held that neither a state, nor its agencies may be sued for injunctive relief in federal court absent an express waiver by the state of its Eleventh Amendment immunity. *Pennhurst State. Sch. & Hosp.*, 465 U.S. at 99; *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam); *Edelman*, 415 U.S. at 673. Plaintiff provides no legitimate evidence showing the state of Texas's express consent to the filing of such a suit. Tex. Const. art. I § 1. Instead, plaintiff argues UTMB waived its sovereign immunity to suit in federal courts when it made a bid for and entered into a medical contract for profit with Dallas County Jail. (Pl.'s Objects 2.) Plaintiff also claims that UTMB's use of private employment agencies instead of students for staff constitutes a waiver of Eleventh Amendment immunity. (*Id.*) Plaintiff's allegation that UTMB's conduct amounts to a waiver is inapplicable. (Pl.'s Objects. 2.) The mere existence of local funds outside the legislature's control does not obviate the university's status as an agency of the state because they are collected under state law and are either held in the Treasury or used restrictively. *Lewis*, 837 F.2d at 1989; *United Carolina Bank*, 665 F.2d at 557 ("Thus, the eleventh amendment is not applicable only where the payment would be directly out of the state treasury."). Therefore, UTMB's use of private funds does not show UTMB waived its Eleventh Amendment right to immunity.

Plaintiff next alleges UTMB waived sovereign immunity when it entered into a contract that

---

[2]Texas courts have consistently recognized UTMB as a state agency . *See Baldwin v. Univ. of Tex. Med. Branch*, 945 F. Supp. 1022, 1030 (S.D. Tex. 1996), *aff'd*, 122 F.3d 1066 (5th Cir. 1997); *Robinson v. Univ. of Tex. Med. Branch*, 171 S.W.3d 365, 368 (Tex. App. – Houston [14th Dist.] 2005, *no pet. h.*); *Univ. of Tex. Med. Branch v. Mullins*, 57 S.W.3d 653, 657 (Tex. App. – Houston [14th Dist.] 2001, *no pet.*); *Univ. of Tex. Med. Branch v. Hohman*, 6 S.W.3d 767, 777 (Tex. App. – Houston [1st Dist.] 1999, *pet. dism'd w.o.j.*); *Bagg v.* Univ. of Tex. Med. Branch, 726 S.W.2d 582, 584 (Tex. App. – Houston [14th Dist.] 1987, *writ ref'd n.r.e.*).

contemplated suits in which it did not waive its right to seek redress in the courts. (Pl.'s Objects. 2.) "A state's constitutional interest in immunity encompasses not merely *whether* it may be sued but *where* it may be sued." *Pennhurst State. Sch. & Hosp.*, 465 U.S. at 99. Waiver of immunity in state court does not infer waiver of immunity in federal court. *Id.* at 100. Because a state entity has the constitutional right to determine where and whether it may be sued, UTMB did not waive Eleventh Amendment immunity by entering into a contract that contemplated suits. *Id.* "Constructive consent is not a doctrine commonly associated with the surrender of constitutional rights." *Edelman*, 415 U.S. at 673. Waiver by the state will only be found where there is no other reasonable construction in the text. *Welch*, 483 U.S. at 473; *Pennhurst State. Sch. & Hosp.*, 465 U.S. at 99 ("Our reluctance to infer that a State's immunity from suit in the federal courts has been negated stems from recognition of the vital role of sovereign immunity in our federal system."). There is no clear declaration or implication that UTMB waived its constitutional protection of the Eleventh Amendment when it merely enforced its right to seek redress in the courts. *Pennhurst State. Sch. & Hosp.*, 465 U.S. at 99. Therefore, Plaintiff has no legal basis to assert UTMB waived its constitutional rights of sovereign immunity by entering into a contract that contemplated suits.

Plaintiff finally argues Eleventh Amendment immunity does not shield UTMB because of its contract with Dallas County Jail. (Pl's Objects. 2.) In the contract, Plaintiff maintains UTMB owns property in its own name and has the ability to dispose of certain properties. (Pl.'s Objects. 2.) Plaintiff also asserts UTMB established a corporation known as UTMB Managed Health Care. (Pl.'s Objects. 2.) Even if UTMB owns property in its own name, the ability to do so is used to determine whether an entity is a state agency, not to determine waiver. *Pendergrass*, 144 F.3d at 347 (stating the right to hold and use property pointed towards a finding that defendant was not an

arm of the state). Similarly, the ability to dispose of certain properties does not determine whether a state agency waived its Eleventh Amendment immunity. *Id.* "It is undisputed that UTMB is a governmental entity entitled to assert sovereign immunity." *Univ. Of Tex. Med. Branch v. Mullins*, 57 S.W.3d 653, 657 (Tex. App. – Houston [14th Dist.] 2001, *no pet.*); *York*, 871 S.W.2d at 176 (Tex. 1994) (stating UTMB has governmental immunity). Plaintiff's assertion bears no grounds for finding waiver of sovereign immunity. Waiver of sovereign immunity may only be found "in the most exacting circumstances." *Magnolia Venture Capital Corp v. Prudential Secs.*, 151 F.3d 439, 443 (5th Cir. 1998) (citing *Pennhurst State. Sch. & Hosp.*, 465 U.S. at 99). Plaintiff has not provided any applicable circumstances in which waiver may be found. Therefore, UTMB, as an arm of the state, is immune from suit in federal court because Plaintiff has not provided any legitimate evidence establishing UTMB's relinquishment of sovereign immunity.

## II. Failure to State a Claim under 42 U.S.C.A. § 1983

Plaintiff also states UTMB acted negligently and with deliberate indifference when its staff deprived him of medical care. (Pl.'s Objects. 4.) Title 42 U.S.C. A. § 1983 permits a civil action to recover damages for deprivation of a constitutionally protected right. *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Plaintiff seeks compensatory damages from UTMB under 42 U.S.C.A. § 1983 for violations of his Eighth Amendment rights, which prohibits cruel and unusual punishment of prisoners. (*Id.* at 4.); U.S. CONST. amend. VIII. The United States Supreme Court held that neither the state, nor a state official are "persons" for purposes of actions under § 1983. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58 (1989). The immunity of the states from suit in the federal courts is guaranteed by the Eleventh Amendment and is not overridden by 42 U.S.C.A. § 1983. *Id.* at 65–66 ("We cannot conclude that § 1983 was intended to disregard the

well-established immunity of a State from being sued without consent."). Therefore, because Plaintiff's § 1983 claim is barred by the Eleventh Amendment, the Court recommends UTMB's motion for judgment on the pleadings be granted.

## CONCLUSION

The Court concludes that UTMB did not waive their right to Eleventh Amendment sovereign immunity. Accordingly, sovereign immunity bars Plaintiff's § 1983 claim against UTMB. Therefore, Plaintiff fails to state a claim under 42 U.S.C.A. § 1983 on which relief may be granted.

## RECOMMENDATION

For the reasons herein set forth, this Court recommends that the District Court grant UTMB's motion for judgment on the pleadings.

**SO RECOMMENDED**. August 28, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the par`ties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).