IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES EDWARD DANIELS, | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 3:05-CV-1739-M ECF |
| DALLAS COUNTY, et al., | § § § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to the District Court's Standing Order of Reference (doc. 67), this case has been referred to this Court for pretrial management. Before this Court is Defendant Dallas County's Motion for Summary Judgment (converted from a Motion to Dismiss) (docs. 87, 100). Plaintiff responded to this Motion on July 11, 2007 (doc. 105), and Defendant filed its reply on August 6, 2007. For the reasons stated below, this Court recommends that the Motion for Summary Judgment (converted from a Motion to Dismiss) be **GRANTED**.

## BACKGROUND

On August 24, 2005, Plaintiff, proceeding *pro se*, filed this action pursuant to 42 U.S.C.A. § 1983, claiming that while incarcerated from June 5, 2003 until September 1, 2004 Defendant Dallas County failed to provide Plaintiff medical care. (Pl.'s Compl. 1.) Plaintiff also claims that he is currently incarcerated and is still not receiving adequate care. (Pl.'s Compl. 3.) Dallas County seeks summary judgment based on its affirmative defense that Plaintiff failed to exhaust available administrative remedies as mandated by § 1997e(a) of Title 42 of the United States Code. (Def. Mot. Dismiss Br. Supp. 2). In support of its motion for summary judgment, Dallas County filed an

1

appendix on May 1, 2007, which includes all grievances filed by Plaintiff during his time in the Dallas County Jail. (Def.'s App. Supp. Mot. Dismiss Ex. 1–3.) Dallas County argues that none of the grievances address the subject matter of the complaint. (Def.'s App. Supp. Mot. Dismiss Sweet Aff. 1–3.)

In response, Plaintiff alleges that he filed grievances in addition to those included in Dallas County's Appendix, specifically one in June 2003. (Pl.'s Objection Mot. Summ. J. Daniel Aff. 1.) Moreover, Plaintiff claims that one of grievances in the Defendant's Appendix did in fact contain allegations of denial of medical care by the guards, and asserts that Sheriff Valdez failed to respond to that portion of the grievance. (Pl.'s Objection Mot. Summ. J. Daniel Aff. 1.) As further evidence of exhaustion, Plaintiff asserts that a § 1983 suit filed in the United States District Court on July 10, 2003 satisfies the complaint requirement. (Pl.'s Objection Mot. Summ. J. Daniel Aff. 1.) Finally, Plaintiff alleges that he was threatened by jail staff and told not to file anymore grievances. (Pl.'s Objection Mot. Summ. J. Daniel Aff. 1.)

## STANDARD OF REVIEW

A court should not grant a motion to dismiss unless "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). If the moving party presents matters outside the pleadings, which are not excluded by the Court, the motion should be treated as one for summary judgment. Fed. R. Civ. Pro. 12(b). Once the motion to dismiss is converted to a motion for summary judgment all parties should be afforded a "reasonable opportunity to present all material made pertinent to such a motion." Fed. R. Civ. Pro. 12(b).

On April 24, 2007 Dallas County filed a Response to Plaintiff's Motion for Extension of

2

Time to Respond. (Def.'s Resp. Pl.'s Mot. Extend. Time Respond.) Included in its response, Dallas County requested a conversion of its' motion to dismiss to a motion for summary judgment. (Def.'s Resp. Pl.'s Mot. Extend. Time Respond 1–2.) On May 1, 2007, Dallas County filed an appendix, containing evidence supporting its motion for summary judgment. (Def.'s App. Supp. Mot. Summ. J.) Plaintiff was given the opportunity to respond to the motion, and filed his response on July 11, 2007. (Pl.'s Objection Mot. Summ. J.) As a result of Dallas County's reliance on matters outside the pleadings, and because Plaintiff had the opportunity to respond, Dallas County's motion to dismiss is converted to a motion for summary judgment.

The court should grant a motion for summary judgment if there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323. If the nonmovant bears the burden of proof at trial, the summary judgment movant may satisfy his burden by pointing to the absence of evidence supporting the nonmovant's case. *Id.* At this point, the nonmovant must show that summary judgment is not appropriate by going beyond the pleadings to demonstrate "specific facts showing that there is a genuine issue for trial." *Id.* Mere conclusory allegations or denials unsupported by specific facts are not enough. *Id.*

## ANALYSIS

Dallas County contends that its' motion for summary judgment should be granted because Plaintiff failed to exhaust administrative remedies as required by 42 U.S.C. § 1997(e)(a). Section 1997e(a) was amended by the Prison Litigation Reform Act of 1996 ("PLRA"). *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998). PLRA provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any

jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." PLRA, Pub. L. No. 104–34, § 803, 110 Stat. 1321 (1996). The exhaustion requirement of § 1997e "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Previously, the exhaustion requirement was limited and within the discretion of the district court. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Under the PLRA, however, exhaustion is mandatory and strictly construed. *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003); *see also Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."). The Supreme Court, in *Jones v. Bock*, noted that the prison grievance process defines the applicable procedural rules that prisoners must first exhaust. 127 S. Ct. 910, 913 (2007); *see also Alexander v. Tippah County*, 351 F.3d 626, 630 (5th Cir. 2003) ("[Prisoners] must exhaust such administrative remedies as are available, whatever they may be."). The Court does not inquire into whether the administrative procedures are fair or effective. *Alexander*, 351 F.3d at 630.

The Dallas County Jail provides a two-step grievance procedure for inmates. *Wendell*, 162 F.3d at 891. Step one requires the inmate to submit the grievance, which is investigated by a unit grievance investigator. *Id.* (citing Texas Department of Criminal Justice, Administrative Directive No. AD-03.82 (rev. 1), Policy ¶ IV (Jan. 31, 1997). The investigator then submits a recommendation to the final decision maker, which may be the warden, assistant warden, facility administration, or health administrator. *Id.* The inmate, in step two, has an opportunity to appeal the decision to the division grievance investigation. *Id.* After investigation, a recommendation is made to the final decision maker, who at this point is either the director, deputy director, regional

or assistant director. *Id.* An inmate is required to pursue his grievance at both steps in order to exhaust his administrative remedies. *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998). *See also Medrano v. Dallas County Jail Medical Staff*, No. 3:04-CV-1913-M, 2005 WL 106573, at *2 (N.D. Tex. April 14, 2005), *rec. adopted*, 2005 WL 877925 (N.D. Tex. Apr. 14, 2005), *citing Burnett v. Robertson*, No. 3:01-CV-1284-P, 2001 WL 1577495, at *2 (N.D. Tex. Dec. 7, 2001).

Plaintiff counters Defendant's allegation of failing to exhaust administrative remedies by claiming that he has in fact filed grievances relating to his medical care. (Pl.'s Objection Mot. Summ. J. Daniels Aff. 1.) When the non moving party bears the burden of proof at trial, the moving party can point to the absence of evidence supporting the non moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once this occurs, the non moving party must show summary judgment is not appropriate by designating "specific facts showing that there is a genuine issue for trial." *Id.* at 324. In this case, Dallas County has done more than simply point to the absence of evidence; it has provided copies of all grievances Plaintiff filed while incarcerated. (Def.'s App. Supp. Mot. Dismiss Ex. 1–3.) Despite his attempts, Plaintiff fails to designate specific facts showing a genuine issue for trial. In Plaintiff's response, he first contends that he filed a grievance in June 2003. (Pl.'s Objection Mot. Summ. J. 3.) Then, in his Unsworn Declaration attached to the response, Plaintiff alleges that he filed grievances regarding poor medical treatment from June 2003 to June 2006. (Pl.'s Objection Mot. Summ. J. Daniels Aff. 1.) There are no facts beyond these conclusory statements that demonstrate Plaintiff filed grievances relating to improper medical care. Therefore, Plaintiff fails to show a genuine issue for trial by merely stating he filed grievances.

In addition to Plaintiff's claim that he filed grievances, he also claims that Dallas County Jail officials failed to respond to the grievances he did file. As support for this assertion, Plaintiff directs

the Court's attention to Defendant's Exhibit #1, grievance #54275. (Pl.'s Objection Mot. Summ. J. 3.) Since Plaintiff does not provide specific facts detailing any other instances in which the Plaintiff's grievances were ignored, this is the only grievance the Court will consider. In grievance #54275, Plaintiff complains of the opening of his legal mail, the confiscation of "keep on the person" medicine, and the removal of a second mattress. (Def.'s App. Supp. Mot. Dismiss Ex. 1.) A response to this grievance was sent to Plaintiff detailing the policy of opening mail, but did not mention the confiscation of "keep on the person" medicine, or the removal of a second mattress. (Def. App. Supp. Mot. Dismiss Ex. 1.) Plaintiff's claim, however, focuses on not being allowed to see a doctor while incarcerated in Dallas County Jail, and not on an instance of confiscating "keep on the person" medicine or the removal of a second mattress. (*See* Pl.'s Compl. 2–4.) Without a correlation between the topic of the grievance and the claim, the lack of a response does not overcome the exhaustion requirement.

Moreover, even if the confiscation of "keep on the person" medicine and the removal of a second mattress did adequately address the Plaintiff's claim, Plaintiff still did not exhaust his administrative remedies. The Texas grievance process has two steps, and both steps must be exhausted. *See Wright v. Hollingsworth*, 260 F. 3d 357, 358 (5th Cir. 2001) (rejecting plaintiff's claim that filing a Step One grievance sufficiently satisfies the exhaustion requirements). The Dallas County Sheriff's Department responded to grievance #54275 on October 14, 2005. (Def. App. Supp. Mot. Dismiss Ex. 1.) Plaintiff contends that this response did not adequately address all issues contained in his grievance. (Pl.'s Objection Mot. Summ. J. 3.) However, Plaintiff did not appeal this decision. Consequently, Plaintiff failed to exhaust his administrative remedies because he did not complete the second step of the process.

Plaintiff also argues that he satisfied the exhaustion requirement because his previous § 1983 claim, filed July 10, 2003 constitutes a complaint. (Pl.'s Objection Mot. Summ. J. Daniels Aff. 1.) This reasoning, however, runs contrary to "Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation." *Wendell*, 162 F.3d at 891. PLRA requires that "administrative remedies be exhausted *before* the filing of suit." *Id.* at 890–91. The previous filing of a lawsuit, therefore, does not satisfy the exhaustion requirement.

Finally, Plaintiff alleges that "he was told by jail supervisors that if he filed anymore grievances he would not be able to stand the heat," and that the "jail staff retaliated against him on several occasions." (Pl.'s Objection Mot. Summ. J. Daniels Aff. 1.) These statements fail to sufficiently set forth facts constituting a genuine issue. There is no indication as to when these alleged threats were made or who made the threats. Moreover, despite Plaintiff's allegations of threats and retaliation from the jail staff, Plaintiff does not contend that administrative remedies were unavailable to him. In certain circumstances, the Court does recognize that administrative remedies are unavailable. *See e.g.*, *Days v. Johnson*, 322 F.3d 863 (5th Cir. 2003). Plaintiff, however, never argues that these statements prevented him from filing grievances. On the contrary, he argues that he in fact filed grievances. Therefore, Plaintiff is not excused from exhausting administrative remedies under the Texas grievance procedure.

## CONCLUSION

Due to the conclusory nature of Plaintiff's allegations and his failure to exhaust available administrative remedies, this Court recommends the Motion for Summary Judgment filed by Defendant Dallas County be **GRANTED**, and Plaintiff's claims against Defendant Dallas County

be dismissed with prejudice for failure to comply with the terms of 42 U.S.C. § 1997e(a).

**SO RECOMMENDED**.  August 28, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).