IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES EDWARD DANIELS, | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action 3:05-CV-1739-M |
| DALLAS COUNTY HOSPITAL DISTRICT, et al., | § § § § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the District Court's Order, entered October 27, 2005, this case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Defendant Stephen P. Bowers' ("Bowers") Motion for Summary Judgment (doc. 142). Plaintiff James Edward Daniels ("Daniels") did not file a response to the motion and the time to do so has expired.

### BACKGROUND

On August 26, 2005, Daniels, proceeding *pro se*, initiated this lawsuit pursuant to 42 U.S.C. § 1983. (Pl.'s Compl. at 1.) Daniels was an inmate in Dallas County Jail on two occasions. The first was from June 5, 2003 until September 1, 2004, and the second was from June 15, 2005 until January 15, 2007. During those periods, Daniels alleges that he was denied medical treatment for problems associated with his kidneys and cancer in violation of his Eighth Amendment rights. (Pl.'s Compl. at 3.) Daniels asserts that Bowers served as medical director for the University of Texas Medical Branch ("UTMB"), where he was responsible for administering and providing primary health care and evaluating the medical services provided to adult detainees of the Dallas County Jail. (*Id.*) Daniels seeks compensatory damages in the amount of $350,000 from Bowers.

1

Bowers filed this motion for summary judgment on Daniels' claims. In support of his motion, Bowers argues that he was not personally involved in providing inadequate medical care to Daniels, and that Daniels is only suing Bowers because of his supervisory role as medical director. (Bowers Mot. Summ. J. at 4.) Bowers further contends that there is no evidence demonstrating that Bowers instituted policies that caused Daniels to receive improper treatment. Accordingly, Bowers claims that, as a matter of law, he cannot be liable.

## STANDARD OF REVIEW

The Court should only grant summary judgment if there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, the court views the facts in the light most favorable to the nonmoving party. *Whittaker v. BellSouth Telecomm., Inc.*, 206 F.3d 532, 534 (5th Cir. 2000). If the nonmovant bears the burden of proof at trial, the summary judgment movant may satisfy his burden by pointing to the absence of evidence supporting the nonmovant's case. *Id.* At this point, the nonmovant must show that summary judgment is not appropriate by going beyond the pleadings to demonstrate "specific facts showing that there is a genuine issue for trial." *Id.* Mere conclusory allegations or denials unsupported by specific facts are not enough. *Id.*

Since Plaintiff in this case is proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances. *AMX, Int'l, Inc.*,

7 F.3d at 75. "[*P]ro se* litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *Id.* (citing *Hughes v. Rowe*, 449 U.S. at 9).

## ANALYSIS

Daniels alleges that Bowers, as medical director for UTMB, violated Daniels' Eighth Amendment right to adequate medical care when Daniels was an inmate in the Dallas County Jail. The Eighth Amendment prohibits cruel and unusual punishments. U.S. CONST. amend. 8. This includes a duty to provide prisoners with adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The failure to provide an inmate with proper medical care, however, can only constitute "cruel and unusual punishment" if it is "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987) (quoting *Estelle*, 429 U.S. at 106).

Daniels is suing Bowers as the supervising official for the medical care provided at the Dallas County Jail. Daniels claims that Bowers is liable under § 1983 because he was responsible for "administering and providing primary health care and for evaluating the necessity of required hospital services to adult detainees of the Dallas County Jail." (Pl.'s Compl. at 2.) Supervisory officials, however, cannot be vicariously liable for a § 1983 cause of action under the doctrine of respondeat superior. *Barksdale v. King*, 699 F.2d 744, 746 (5th Cir. 1983) (per curiam); *see also Thompkins*, 828 F.2d at 303–04. In other words, a supervisor cannot be liable solely based on the actions of his subordinates. *Thompkins*, 828 F.2d at 303–04. Instead, a supervisor must be either personally involved in the constitutional violation, or there must be a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Id.* at 304. This causal connection is often found when the supervisory official implements a policy "so deficient that the

policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Id.* (quoting *Grandstaff v. City of Borger*, 767 F.2d 161, 169–70 (5th Cir. 1985)).

Daniels does not alleged that Bowers was personally involved in his medical care or that Bowers was ever consulted about treating Daniels. Daniels also has not alleged that he notified Bowers about the inadequate medical care he was allegedly receiving. There is also no evidence that Bowers was personally involved in Daniels' treatment. Through his sworn affidavit, Bowers explains that the medical director position is almost entirely administrative with little clinical care. (Bowers Mot Summ. J. App. at 2.) He also asserts that he never personally treated Daniels or consulted with others about his medical care. (*Id.*) While Bowers name appears on several of Daniels' medical records, it is only in his supervisory role for approving clinic appointments. (*Id.*) Accordingly, there is no evidence showing that Bowers was personally involved in any alleged constitutional violation.

Moreover, Daniels has not alleged or pointed to evidence that Bowers instituted a policy responsible for the alleged constitutional violation. There is also no evidence that Bowers had any kind of policy supporting, tolerating, or causing the mistreatment of any prisoner's medical conditions. Bowers asserts, in his affidavit, that no such policy or practice existed. (*Id.*) As a result, there is no indication that Bowers was the "moving force" behind any constitutional violation regarding Daniels medical care. Thus, Daniels has failed to show the causal connection necessary to hold a supervisor liable under § 1983.

Daniels has not asserted, and the evidence does not show, that Bowers was personally involved in denying Daniels' medical care. He also has not claimed that the policies of Bowers are responsible for violating his constitutional rights. As a result, Bowers cannot be liable under § 1983.

4

## **CONCLUSION**

Without specific evidence demonstrating Bowers' personal involvement in Daniels medical care, or the showing that Bowers instituted a policy responsible for denying adequate medical care, Bowers cannot be liable under § 1983. Accordingly, this Court recommends to the District Court that Bowers' motion for summary judgment be **GRANTED** and that Daniels claims against Bowers be dismissed with prejudice.

**SO ORDERED.** March 18, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).